BK1206964
VLB

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT CLEVELAND

IN RE:

Aaron M Moore

Debtor

Case No. 12-16333

Chapter 13

Judge Morgenstern-Clarren

**MOTION OF OCWEN LOAN SERVICING, LLC FOR RELIEF FROM STAY**

**ADDRESS OF REAL PROPERTY: 18894 RIVERS EDGE DRIVE WEST, CHAGRIN FALLS, OH 44023**

Ocwen Loan Servicing, LLC (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On February 18, 2005, Debtor obtained a loan from GMAC Mortgage Corporation dba ditech.com in the amount of $225,000.00. Such loan was evidenced by a promissory note dated February 18, 2005 (the "Note"), a copy of which is attached as Exhibit "A". **In the event the automatic stay in this case is modified, this case dismisses, and/or the**

**debtor obtains discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Ocwen Loan Servicing, LLC. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor directly or through an agent has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.**

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor **and co-debtor, Nancy A. Moore,** executed a Security Agreement in favor of Mortgage Electronic Registration Sytems, Inc as Nominee for GMAC Mortgage Corporation dba ditech.com dated February 18, 2005 (the "Security Agreement"). The Security Agreement granted a lien on 18894 Rivers Edge Drive West, Chagrin Falls, OH 44023 owned by Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

    ☒    attached as Exhibit "B";

    OR

    ☐    contained in the Note, attached as Exhibit "A".

4. The lien created by the Security Agreement was duly perfected by:

    ☒    Filing of the Security Agreement in the office of the Geauga County Recorder on May 2, 2005

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit "B". Based on the recording date of the subject mortgage, the lien is the First lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is Ally Bank as Custodian for Ocwen Loan Servicing, LLC, 235 Fisher Dr., Waterloo, IA 50701.

6. The entity servicing the loan is: the Movant.

7. The Note was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender **to Movant**:

         ☐ N/A.

         OR

         ☐ By endorsement on the Note, payable to _____.

         OR

         ☒ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note, payable to _____.

         OR

         ☐ By blank allonge, attached to the Note.

         OR

         ☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon

3

which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____
_____
_____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit "<\_\_\_\_>". Explain why it provides Movant the authority to endorse the Note:

_____
_____
_____.

    ii.    Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].

    iii.    A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <\_>.

    iv.    Other_____ [explain].

b.    If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>

8.    The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

4

☒ From the original lender, mortgagee, or mortgagee's nominee on February 25, 2008 to GMAC Mortgage, LLC fka GMAC Mortgage Corporation. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "C".

☒ on April 12, 2010 to GMAC Mortgage, LLC successor by merger to GMAC Mortgage Corporation dba ditech.com. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "D".

☒ on September 30, 2013 to Ocwen Loan Servicing, LLC. The transfer is evidenced by the document(s) attached to this Motion as Exhibit "E".

9. The value of the Collateral is $272,300.00. This valuation is based on Geauga County Auditor's Records.

10. As of the date of November 1, 2013, there is currently due and owing on the Note the outstanding principal **and interest** balance of $223,529.83, plus interest accruing thereon at the rate of 5.625% per annum [$30.96 per day] from November 2, 2013, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $ 0.00.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☐ N/A.

☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $_____.

☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

5

- [x] Citibank South Dakota NA in the amount of $21,930.47 by virtue of a Certified Judgement Lien.

- [x] Matrix Acquisitions, LLC in the amount of $16,235.25 by virtue of a Certified Judgement Lien.

- [x] Ohio Receivables, LLC in the amount of $5,992.11 by virtue of a Certified Judgement Lien.

- [x] Resurgent Capital Services in the amount of $39,161.00 by virtue of a Second Mortgage.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- [ ] Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: ___<EXPLAIN>_____.

- [ ] Debtor has failed to keep the Collateral insured as required by the Security Agreement.

- [ ] Debtor has failed to keep current the real estate taxes owed on the Collateral.

- [ ] Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of $<AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

- [ ] Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

- [ ] Debtor has no equity in the Collateral, because the Collateral is valued at $_____, and including the Movant's lien, there are liens in an aggregate amount of $_____ on the Collateral.

- [x] Debtor's plan provides for surrender of the Collateral.

- [ ] The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity):_____

14. Movant has completed the worksheet, attached as Exhibit "F". **Movant has also completed a Declaration in support of a Motion for Relief from Automatic Stay, attached as Exhibit "G".**

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable non-bankruptcy law.

Respectfully submitted,


LERNER, SAMPSON & ROTHFUSS
Romi T. Fox, Attorney
Bar Registration No. 0037174
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2013, a true and correct copy of the foregoing Motion of Ocwen Loan Servicing, LLC for Relief from Co-Debtor Stay with respect to co-debtor, Nancy A. Moore was served via Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Darci L. Capp, Esq., - On behalf of Aaron M Moore at capp@kasuniclaw.com
Carl P. Kasunic Co. LPA
4230 State Route 306
Building 1, Suite 300
Willoughby, OH 44094
440-946-9469

Office of the U.S. Trustee
(Registered address)@usdoj.gov

Craig H. Shopneck, - Trustee
ch13shopneck@ch13cleve.com


and by regular U.S. mail, postage prepaid, to:

Citibank South Dakota NA, - Creditor
701 East 60th Street North
Sioux Falls, SD 57117

Matrix Acquisitions, LLC, - Creditor
c/o Cheek Law Office, LLC
471 East Broad Street, 12 Floor
Columbus, OH 43215

Aaron M Moore, - Debtor
11835 Clifton Blvd.
Lakewood, OH 44107

Nancy A. Moore, - Co-Debtor
18894 Rivers Edge Drive West
Chagrin Falls, OH 44023

Ohio Receivables, LLC, - Creditor
PO Box 15069
Columbus, OH 43215-0069

8

Resurgent Capital Services, - Creditor
PO Box 10584
Greenville, SC 29603

/s/ Jill L. Fealko
Jill L. Fealko
Bar Registration #0072545
(513) 241-3100 x-3174

LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com